UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T-MOBILE USA, INC., a Delaware
Corporation,

       Plaintiff,

v.

MY WIRELESS WHOLESALE, INC.,
JAMES SALMAN; JOHN DOES 1-10; XYZ
COMPANIES 1-10,

       Defendants.

Case No. 11-12334
Hon. George Caram Steeh
Magistrate Judge Laurie J. Michelson

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY AND PRESERVATION OF EVIDENCE (Dkt. 8)

On May 26, 2011, Plaintiff T-Mobile USA, Inc. ("T-Mobile") brought a fourteen-count Complaint against the Defendants alleging the following:

> Defendants are engaged in, and knowingly facilitate and encourage others to engage in, unlawful business practices involving the unauthorized and unlawful acquisition, purchase and sale of T-Mobile Subscriber Identity Module ("SIM") cards and airtime, the fraudulent activation of those SIM cards for use on T-Mobile's FlexPay service using illicitly acquired T-Mobile proprietary codes (the "FlexPay Fraud Scheme"), and the illegal procurement, use, and sale of proprietary codes, identifiers, and methods for defrauding T-Mobile out of airtime and services (the "Dealer Code Scheme"), as well as the unauthorized and unlawful bulk purchase and resale of T-Mobile prepaid wireless telephones ("Prepaid Phones" or "Phones"), unauthorized and unlawful computer unlocking of T-Mobile Prepaid Phones, alteration of proprietary software computer code installed in the Phones for T-Mobile, and trafficking of the Phones and SIM cards for profit (the "Subsidy Theft Scheme").

(Dkt. 1, Compl. at ¶ 2.) Defendants James Salman and My Wireless Wholesale, Inc. were served with the Complaint on July 28, 2011. (Dkts. 6, 7.) The following day, on July 29, 2011, Plaintiff

filed this Motion for Expedited Discovery and Preservation of Evidence (Dkt. 8) which was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(A). (Dkt. 9.) Defendants filed a Response on August 15, 2011. (Dkt. 13.) The issues are adequately covered in the pleadings and, especially given the nature of the request – expedited discovery – the Court will dispense with oral argument pursuant to E.D. Mich. LR 7.1(f)(2).

**1.     Background**

T-Mobile's Motion, based upon its Complaint (Dkt. 1) and supporting Declaration of Javier Figueroa, T-Mobile's fraud analyst in the Risk Assessment Department (Dkt. 8, Ex. B), alleges the following background facts:

T-Mobile is a leader in mobile communications with an outstanding business reputation in wireless call quality and wireless customer care. Its parent owns several T-Mobile trademarks which Plaintiff uses on and in connection with its telecommunications services and products. These services include the T-Mobile FlexPay program. This program allows customers to obtain service by purchasing a T-Mobile phone directly from T-Mobile or from an authorized T-Mobile dealer, paying for the first month of service and then paying a monthly fee in advance for their service on T-Mobile's wireless network for that month. Along with the phone, customers receive a Subscriber Identity Module (or "SIM") card – a computer microchip in the cell phone which allows the phone to access the T-Mobile wireless network and make calls. The SIM cards are activated through a confidential and proprietary website or through a T-Mobile customer service representative. The SIM cards carry the T-Mobile Mark.

T-Mobile contends that Defendants My Wireless Wholesale, Inc. and James Salman have fraudulently activated – and continue to fraudulently activate – T-Mobile SIM cards by improperly

connecting to T-Mobile's secure and proprietary online activation system by using compromised and/or stolen T-Mobile activation codes and information. Once activated, the SIM card may be used for unlimited access to T-Mobile's wireless network for at least one month. When T-Mobile subsequently cancels the customer's account for non-payment, the customer obtains a new SIM card from the Defendants, and the process begins anew. T-Mobile receives no payment for the stolen service. T-Mobile contends that Defendants are also fraudulently activating T-Mobile Post Paid business accounts – accounts which allow businesses to purchase and activate numerous phone lines on a post-paid basis. T-Mobile further contends that Defendants misrepresent that the infringing SIM cards are authentic products, that they have been (or will be) legitimately activated on the T-Mobile network, and that they contain a certain amount of airtime. T-Mobile believes that Defendants are using an on-line email account to facilitate their infringing activities.

T-Mobile's Complaint includes claims of trademark infringement and unfair competition. T-Mobile seeks expedited discovery on these claims from Defendants and third-parties as well as an order requiring Defendants to preserve and retain all T-Mobile products, emails and documents currently in their possession or control related to T-Mobile and/or the schemes described above and to inventory and photograph any subsequently obtained materials. T-Mobile's Motion includes the following specific requests:

> 2. Allowing Plaintiff to immediately propound written production, inspection, and/or admission requests, and/or interrogatories pursuant to Federal Rules 33-36, and requiring Defendants, absent agreement otherwise, to respond to all such discovery requests (together with production of any unobjectionable responsive documents) within ten (10) days of service;
>
> 3. Allowing Plaintiff to immediately serve notices of deposition;

| | 4. | Allowing Plaintiff to immediately commence third-party discovery; |
|---|---|---|
| | 5. | Directing Defendants to preserve all evidence relating to the bulk purchase, sale, distribution, activation, and/or alteration of T-Mobile Prepaid Phones and SIM cards, dealer activation codes and/or all activation processes, phones, and related products, including all T-Mobile packaging currently in Defendants' possession and/or subject to their control, all records of transactions related to the T-Mobile SIM cards, dealer activation codes, activation processes, phones, and related products, and all communications with third parties on the subject of the purchase, sale, activation or alteration of the T-Mobile SIM cards, dealer activation codes, activation processes, phones and/or the security measures related thereto; |
| | 6. | Directing Defendants to preserve all T-Mobile SIM cards, dealer activation codes, activation processes, and phones in Defendants' possession, custody, or control until such time as Defendants provide Plaintiff with an inventory of all such items in their possession, custody, or control; |
| | 7. | Directing Defendants to provide Plaintiff with an inventory of all T-Mobile SIM cards, dealer activation codes, and phones (including the make, model, and IMEI number of each phone) currently in Defendants' possession, custody or control, and identifying the location where those products are being preserved; |
| | 8. | Directing Defendants to photograph each T-Mobile SIM card and phone that comes into Defendants' possession, custody or control after the date of this Order, in digital, color format, upon Defendants' receipt of the product. Such digital photographs shall be periodically copied and delivered to Plaintiff every fifteen days. Complete written inventory records, evidencing, at a minimum, receipt and redistribution of all such products shall be maintained and produced to Plaintiff, together with the photographs, every fifteen days. |

(Dkt. 8 at ECF 2-3.)

Plaintiff's Motion indicates that on July 28, 2011, copies were served by a process server on Mr. Salman in his individual capacity and as resident agent of My Wireless Wholesale, Inc. (Dkt.

8 at ECF 24.) These Defendants responded to the Motion on August 15, 2011. (Dkt. 13.) Defendants contend that Plaintiff has failed to satisfy any of the standards utilized by the courts in determining the necessity and/or propriety of expedited discovery – e.g., irreparable harm, good cause or reasonableness. (*Id.*)

**2. <u>Standard</u>**

Under the Federal Rules of Civil Procedure, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except under limited circumstances including when authorized by court order. Fed. R. Civ. P. 26(d)(1). District Courts require the party seeking such expedited discovery to show good cause. *See e.g. Arista Records, LLC v. Does 1-4*, No. 1:07-cv-1115, 2007 U.S. Dist. LEXIS 85652 (W.D. Mich. Nov. 20, 2007); *Bug Juice Brands, Inc. v. Great Lakes Bottling Co.*, No. 1:10-cv-229, 2010 U.S. Dist. LEXIS 33571 (W.D. Mich., Apr. 6, 2010); *Qwest Commc'n Int'l, Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). As another court in this Circuit aptly summarized:

> Although there is no binding authority on point, unpublished decisions from this and other district courts within this circuit have applied a good cause standard in determining whether or not to permit expedited discovery. "[A] party seeking expedited discovery in advance of a Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures." "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." Good cause is often found in cases alleging infringement, unfair competition, or where evidence may be lost or destroyed with time. The scope of the discovery request is also relevant to whether or not good cause exists. Finally, the trial court retains broad discretion in establishing the timing of discovery.

5

*Lemkin v. Bell's Precision Grinding*, No. 08-CV-789, 2009 U.S. Dist. LEXIS 126739, at *4-5 (S.D. Ohio, June 1, 2009) (internal citations omitted).[1]

### 3. <u>Analysis</u>

As in other cases permitting limited expedited discovery, Plaintiff's allegations involve infringement and unfair competition. *See, e.g., Psychopathic Records Inc. v. Anderson*, No. 08-13407, 2008 WL 4852915, at *1 (E.D. Mich. Nov. 7, 2008); *Qwest Comm.*, 213 F.R.D. at 419 ("The good cause standard may be satisfied . . . where the moving party has asserted claims of infringement and unfair competition."). The problem here, however, is that Plaintiff's requests are without bounds. The "scope of the discovery request is also relevant to whether or not good cause exists." *Lemkin*, 2009 U.S. Dist. LEXIS 126739, at *5. "To justify departing from the normal discovery regimen . . . the discovery request should be limited." *Bug Juice Brands*, 2010 U.S. Dist. LEXIS 33571, at *3 (denying the expedited request as overly broad (citing *Qwest Commc'n*, 213 F.R.D. at 420)); *5ifth Element Creative, LLC v. Kirsch*, No. 10-cv-255, 2010 U.S. Dist. LEXIS 110722 (E.D. Ky. Oct. 18, 2010) ("district courts within this circuit have recognized that expedited discovery is not the norm and that such requests must be narrowly tailored to obtain information relevant to the determination of the preliminary injunction.") (citing *Johnson v. U.S. Bank Nat. Ass'n*, 2009 U.S. Dist. LEXIS 120111, 2009 WL 4682668, at *1 (S.D. Ohio 2009) (noting that "[a]s part of the good cause inquiry, courts also look to see that the proposed discovery is appropriately narrow and targeted").

---

[1] Because the Court finds that Plaintiff's request for expedited discovery fails to satisfy this "good cause" standard it will not address the other standards identified by the Defendants.

Plaintiff's proposed discovery requests and 30(b)(6) deposition notice cover virtually every issue involved in the litigation. For example:

- **Document Requests**: Plaintiff's 34 document requests cover a 5-year time span and seek, among other things, "all purchase orders, receipts, sales orders . . ."; "all documents evidencing any agent, employee, runner or independent contractor . . ."; "all screen shot printouts and other documents. . ."; "all documents, including but not limited to, communications and email correspondence, relating to, showing, discussing or evidencing any purchase, sale, alteration, shipping or advertising of any T-Mobile by [Defendants] or to [Defendants]"; "all bank account or other financial account documents . . ."; "all business plans or other documents"; "all materials, emails, brochures and other documents used to recruit persons to purchase T-Mobile handsets . . ."; and "all documents that evidence or show any correspondence between [Defendants] and prospective buyers or sellers of T-Mobile products." (Dkt. 8, Ex. 5 at 1-12.)

- **Inspection Requests:** Plaintiff is requesting an inspection of all T-Mobile SIM cards, Handsets, Activation Material, and T-Mobile Products; hard drives, back-up tapes, and disks for the computers used in connection with the purchase and sale of any T-Mobile Products; all devices, computers, software, hardware or instruments used to access, disable, erase, unlock, alter or modify in any way any wireless telephones; and "the interior and exterior of [Defendants'] business and residential locations." (*Id.* at 13-17)

- **30(b)(6) Deposition Notice:** Plaintiff has included 9 paragraphs of subject areas and 2 paragraphs of document requests that, again, appear to cover all of the issues in the litigation – it is not narrowed or tailored to anything specific that needs to be known on an expedited basis. (*Id.* at 18- 24.)

Additionally, T-Mobile does not identify the third parties they want to subpoena or the discovery being sought from them – and thus, the Court has no way to determine if the scope is limited or not. Plaintiff's requests are simply not narrowly tailored to seek only that discovery which is warranted prior to a Rule 26 conference with Defendants. As the court stated in *Bug Juice*:

> Plaintiffs are not entitled to the relief sought. The discovery requests are not narrow in scope and are not limited to issues necessary for the resolution of the motion for injunctive relief. Rather, the discovery requests broadly seek any and all information necessary for plaintiffs to establish their cause of action.

2010 U.S. Dist. LEXIS 33571, at *5-6; *see also 5ifth Element Creative*, 2010 U.S. Dist LEXIS 110722, at * 6 (denying plaintiff's motion for expedited discovery where the plaintiff did not provide the court with any limitations on either the line of questions to be asked during the depositions or the types of documents being sought from the Defendants); *cf. Psychopathic Records*, 2008 WL 4852915, at *2 (granting plaintiff's motion for expedited discovery limited to the service of two subpoenas to third parties and the production and preservation of defendant's email to a third party as related to the claims in the complaint); *Lemkin*, 2009 U.S. Dist. LEXIS 126739, at *4-5 (granting Plaintiff's motion for expedited discovery limited to the narrow issue of personal jurisdiction which would be necessary to respond to Defendant's motion to dismiss on the same issue); *Arista Records*, 2007 U.S. Dist. LEXIS 85652, at *3 (granting Plaintiff's motion for

expedited discovery in order to determine the identity of individuals who had been assigned specific internet access control numbers assigned by Michigan State University to its students).

In addition to seeking expedited discovery, Plaintiff also requests an Order requiring Defendants to retain "all T-Mobile products, emails and documents in their possession, custody, and control related to T-Mobile or their various Schemes" because "T-Mobile has the reasonable belief that Defendants may sell or otherwise dispose of their infringing products, codes, and materials, and destroy relevant emails and documents immediately upon being served with the summons and complaint in this action." (Dkt. 5 at 10.) Such an order is unnecessary at this beginning stage of the litigation. In fact, "[t]he parties correctly note that a civil litigant has an affirmative duty to preserve evidence or information when it has notice that the material may be relevant to a future litigation." *Coleman v. Canton Twp.*, Nos. 08-12993; 09-14245, 2010 U.S. Dist. LEXIS 103583, *11 (E.D. Mich. Sept. 30, 2010) (citing *John B. v. Goetz*, 531 F.3d 448, 459 (6th Cir. 2009)); (Dkt. 8 at 9; Dkt. 13 at 11). The Complaint and this Motion have clearly put Defendants on notice of the information they need to preserve. In their response brief, Defendants expressly "acknowledge that there exists such an obligation under the federal rules." (Dkt. 13 at 12.) T-Mobile has not presented any evidence to support its "reasonable belief" that Defendant has disregarded or will disregard this preservation obligation.[2]

---

[2] For all of the reasons discussed above, the Court will not Order the Defendants, on an expedited basis, to provide Plaintiff with an inventory of T-Mobile SIM cards, dealer activation codes, and phones currently in its possession or with digital color copies, every 15 days, of future T-Mobile products they may possess. This can be part of the regular case discovery.

Lastly, "the Court finds that the Plaintiff has not demonstrated how its need for such broad, expedited discovery outweighs the prejudice to the Defendant[s] in complying with these expansive requests." *5ifth Element Creative*, 2010 U.S. Dist LEXIS 110722, at * 7.

### 4. <u>Conclusion</u>

Because Plaintiff's discovery requests are not limited or tailored in any way, Plaintiff has failed to satisfy the good cause standard for expedited discovery. Accordingly, Plaintiff's Motion for Expedited Discovery and Preservation of Evidence is **DENIED.** The Court notes, however, that the case has now been pending for several months, Defendants have been served and counsel has appeared. Thus, there is no reason the parties cannot expeditiously hold a Rule 26(f) conference and immediately thereafter begin the discovery process referenced in Plaintiff's motion.

**IT IS SO ORDERED.**

The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen days from the date of receipt of a copy of this order to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

Date: August 19, 2011
s/Laurie J. Michelson
Laurie J. Michelson
United States Magistrate Judge

___

**CERTIFICATE OF SERVICE**

I hereby certify on August 19, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 19, 2011: **None.**

s/Michael E. Lang
Deputy Clerk
(313) 234-5217